PATRICK DEVINE, Respondent, *v.* ALPHONS CUSTODIS CHIMNEY
CONSTRUCTION COMPANY, Appellant.

*Devine* v. *Custodis Chimney Const. Co.*, 131 App. Div. 931, reversed.
(Argued April 5, 1910;  decided April 26, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered April
10, 1909, affirming a judgment in favor of plaintiff entered
upon a verdict and an order denying a motion for a new trial.

*John C. Robinson* and *Frank V. Johnson* for appellant.

*Oswald N. Jacoby* and *Benjamin N. Cardozo* for
respondent.

GRAY, J.  The plaintiff, while in the employment of the
defendant, sustained personal injuries, which, as he alleges,
were attributable to the neglect of the defendant to furnish
him with a safe place in which to work.  The case was tried
as one of liability at common law.  The defendant was
engaged in constructing a chimney for a power house and, at
the time of the accident, it had been built up to a height con-
siderably exceeding 100 feet.  It rested upon a high iron
structure and from its bottom a square wooden chute had been
built to a distance of about nine feet from the ground.  The
chute was about four feet square and through it buckets filled
with bricks were hoisted to the bricklayers on the top of the
chimney.  These bricks were brought in hand cars, from a
neighboring dock, to a point near the bottom of the chute,
where they were unloaded into the buckets.  In this work,
the plaintiff had been employed for about five weeks, assist-

ing another man; both standing, when at work, about nine or ten feet away from under the bottom of the chute. The ground about, for an area of some eighteen feet, was open underneath the chute; with the exception that one of the rails of the track, upon which the hand car ran, lay under a corner of the chute to the extent of some eight inches. On the day of the accident, a brick fell down through the chute, struck the rail and, breaking, a piece bounded off and hit the plaintiff on the head. How, or whence, the brick fell is not disclosed by the evidence. The evidence permitted the inference that upon two prior occasions, within a period of three months, two bricks had fallen from the chimney, which had struck on the same rail.

The theory, upon which the defendant has been found culpable in the performance of its duty to the plaintiff, is that it had maintained the rail in its position under the chute, notwithstanding what had previously happened. As observed, what had happened was the falling of, possibly, two bricks upon the rail within three months before; one instance of such an occurrence having been reported to the defendant's superintendent by a workman, with the suggestion that the track should be shifted.

The question in this case, as in every other case where it is sought by the servant to charge the master with responsibility, upon the occurrence of a personal injury, and where their relations are to be governed by common-law rules, must be whether, and in what respect, the latter has failed to perform the duty of securing the safety of the former in the doing of the work to which assigned. The rule of the common law demands of the master that he shall exercise that care, with respect to the safety of his employé, which is reasonable; having in mind the nature of the work and the ordinary risks attending upon its performance. He must provide as safe a place for him to work in, as a reasonably prudent man would devise, or arrange for, under the circumstances. He is not an insurer of the safety of his workmen; he is bound, only, to take such precautions, in their behalf, as will tend to avoid those injuries to them, which a prudent man should reasonably apprehend and provide against; having regard to

38

the nature and exigencies of the work. When he has done so much, he has discharged his duty and is not chargeable with liability for injuries, when purely accidental, if not incidental to the work.

In this case, it was evident that, in the construction of this high chimney, bricks might fall from a variety of causes. Presumably, therefore, this chute, leading from the chimney, was intended as a precautionary measure, as well, to confine the falling of the bricks, as to guide the buckets in their ascent and descent. The plaintiff and his fellow-workman were quite aware of the possibility of danger from falling objects and, therefore, performed the work of filling the buckets at a distance from the ground overhung by the chute. The plaintiff, himself, testified that, during the time he had been at work, he had neither seen, nor heard of, bricks falling. His fellow-servant could only recall, upon the most favorable inference from his testimony, two instances of a brick falling upon the rail, within three or four months. The nature of the work, evidently, involved some incidental risks; but we do not think that the defendant was called upon to provide against the possibility of accidents from bricks rebounding in their fall, by removing the track of the railway. Such an occurrence, as a cause of injury, was too remote to be reasonably apprehended and we think that it would be unduly extending the doctrine of liability to hold the defendant responsible for it. It was not, reasonably, to be demanded of the defendant that it should guard against the erratic trajectory of a brick rebounding from impact with a hard substance. Such might be the result of striking upon the edge of a bucket, or upon some brick, or stone, on the ground, as well as upon the rail, and would be an accidental circumstance.

We think the motion for a dismissal of the complaint should have been granted and, for the error in denying it, the judgment should be reversed and a new trial should be had; with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; HISCOCK, J., dissents.

Judgment reversed, etc.